**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X    04 CV 4461 (NG) (RML)
**KUM HWA KIM,**

                **Plaintiff,**

       -against-    **OPINION AND ORDER**

**JOSEPH L. BONIN; MGM TRANSPORT**
**CORP.; and JBN TRANSPORT INC. d/b/a**
**JBN TRANSPORT,**

                **Defendants.**
-------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Defendants removed this action, which arises from a motor vehicle accident, from state court. Plaintiff now moves this court to remand the action on the ground that removal was untimely. For the reasons set forth below, plaintiff's motion is denied.

**FACTS**

      On November 19, 2003, a car driven by defendant Joseph L. Bonin collided with a car driven by plaintiff. At the time of the accident, Bonin was employed by defendant JBN Transport Inc. d/b/a JBN Transport ("JBN"), and was driving a car owned by defendant MGM Transport Corp. ("MGM"). On April 24, 2004, plaintiff filed suit in New York Supreme Court, Queens County (the "State Court") against Bonin and MGM, seeking damages for injuries sustained in the car accident. The summons and complaint were served on Bonin and MGM on May 6, 2004. The law firm Hardin, Kundla, McKeon, Poletto & Polifronti (the "Hardin Law Firm") interposed an answer on behalf of those defendants on July 21, 2004.

1

On August 10, 2004, an attorney with the Hardin Law Firm advised plaintiff's counsel that JBN was an indispensable party to the lawsuit and provided plaintiff's counsel with contact information for JBN. The attorney also informed plaintiff's counsel that his firm would be representing JBN, and requested a courtesy copy of any supplemental pleading that plaintiff might file. That same day, plaintiff filed a supplemental summons and amended complaint in the State Court, naming JBN as an additional defendant. Those documents were mailed to the Hardin Law Firm on August 11, 2004, and served on JBN via the New York Secretary of State on August 19, 2004. Those documents also were sent directly to JBN via certified mail on August 23, 2004, but JBN failed to claim the mailing. It was returned to sender on September 8, 2004. Additional copies of the supplemental summons and amended complaint were sent to JBN via regular mail on September 23, 2004. JBN acknowledges receipt of that mailing, but offers no explanation concerning its failure to claim the prior mailing. An affidavit of service on JBN was filed with the State Court on September 23, 2004. On August 25, 2004, the Hardin Law Firm interposed an answer to the amended complaint on behalf of all three defendants, asserting lack of service of process as an affirmative defense.

The Hardin Law Firm filed a notice of removal of the action to this court on October 15, 2004.[1] This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[2] Plaintiff has moved for remand on the ground that removal was untimely.

---

[1] Although the notice of removal was filed by all three defendants collectively, it is plainly untimely with respect to Bonin and MGM. Thus, the court will focus its analysis on the timeliness of removal by JBN only.

[2] Plaintiff is a citizen of New York. Bonin is a citizen of New Jersey. Both MGM and JBN are New Jersey corporations whose principal places of business are in New Jersey. The amount in controversy is alleged to be in excess of one hundred thousand dollars.

**DISCUSSION**

The federal removal statute provides, in relevant part, that:

    The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that, under Section 1446(b), "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 347-48 (1999). Thus, proper service is a prerequisite to the commencement of the limitations period. The rule articulated by the Supreme Court in *Murphy Brothers* is not grounded in formalism, but in the "bedrock principle" that a defendant is not subject to the court's authority unless properly served with process. 526 U.S. at 347. "Service of process," the Court says, "under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id*. at 350. Nevertheless, the Court acknowledges that a defendant may waive his or her right to service of process. *Id*.

New York law provides that service of process may be made on an out-of-state defendant in a case arising from a motor vehicle accident by personally delivering process to the Secretary of State

3

and sending it directly to the defendant by registered mail with return receipt requested. N.Y. Veh. & Traf. Law § 253. If the mailing is returned to the post office unclaimed, as it was in this case, its contents must then be sent to the defendant by regular mail. An affidavit of service must be filed with the court within 30 days of the regular mailing. Service is deemed to be complete upon filing of the affidavit of service. *Id*. Here, the affidavit of service on JPN was filed on September 23, 2004, so that is the day on which service of process was completed. Notice of removal was filed on October 15, 2004, less than 30 days later. To conclude, then, that removal was untimely, the court would have to find that a waiver of service triggered the 30 day limit on removal at some earlier point in time.

Although a waiver of formal service of process could satisfy the prerequisite set forth in *Murphy Brothers*, *see Murphy Brothers*, 526 U.S. at 350-51; *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 2002 WL 31509881 (S.D.N.Y. 2002), the court finds that no such waiver occurred in this case. Contrary to plaintiff's argument, JBN did not waive its right to service of process by interposing an answer, through its counsel, on August 25, 2004, because the answer specifically pled lack of service as an affirmative defense. Under New York law, a defendant may preserve a claim of lack of service by raising it as an affirmative defense in an answer, provided that the defendant moves within 60 days of interposing the answer for judgment on that ground. N.Y. C.P.L.R. § 3211(e). Plaintiff argues, here, that JPN failed to move for judgment within 60 days. This argument is unavailing because proper service was completed in the meantime. Likewise, contrary to plaintiff's assertions, JBN did not waive service by "appearing" through the Hardin Law Firm. New York law provides that "an appearance of the defendant is equivalent to personal service of the summons upon him, *unless an objection to jurisdiction . . . is asserted . . . in the answer as*

4

*provided in rule 3211*. N.Y. C.P.L.R. § 320 (b) (emphasis added).

Plaintiff also argues implicitly that a waiver of service occurred when a member of the Hardin Law Firm contacted plaintiff's counsel to inform him that the firm would be representing JPN and to request a courtesy copy of the amended complaint. Plaintiff cites no legal authority, however, in support of this argument. The conduct of the Hardin Law Firm cannot, without more, be construed as a waiver of JPN's right to formal service of process. *See Murphy Brothers*, 526 U.S. at 347.

In sum, the court finds that JPN did not waive its right to formal service of process. Such service was not properly completed until September 23, 2004, even though JPN received the complaint through its counsel at an earlier date. Accordingly, the 30 day limitations period under 28 U.S.C. § 1446(b) began to run on September 23, 2004, and the notice of removal, filed on October 15, 2004, was timely.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand this action to state court is denied.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
May 10, 2005